IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHEILA WHITAKER o/b/o
J.D.W.     PLAINTIFF

v.     Civil No. 05-4030

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration     DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

       The plaintiff in this case, Sheila Whitaker (hereinafter "plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her claim on behalf of her minor son, J.D.W. (hereinafter "claimant"), for supplemental security income benefits (hereinafter "SSI"), under § 1602 of Title XVI, *42 U.S.C. § 1381a*. Both parties have filed appeal briefs (Doc. #7 & 8). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

       The history of the administrative proceedings is contained in the ALJ's written decision and will not be recounted here except as necessary.

       The plaintiff asserts disability due to claimant's asthma, fatigue, decreased concentration, cognitive skills and speech ability. The issue before this Court is whether the Commissioner's decision is supported by substantial record evidence. Specifically, the plaintiff asserts the ALJ erred in finding less than marked/extreme limitations in the areas of: acquiring and using information; attending and completing tasks; and, overall health and well being.

AO72A
(Rev. 8/82)

In determining the plaintiff's claim, the ALJ followed the sequential evaluation process, set forth in *20 C.F.R. § 416.924.* Under this most recent standard, a child must prove that he has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *42 U.S.C. § 1382c(a)(3)(c)(i); 20 C.F.R. § 416.906.*

When passing the law, as it relates to children seeking SSI disability benefits, Congress decided that the sequential analysis should be limited to the first three steps. This is made clear in the House conference report on the law, prior to enactment. Concerning childhood SSI disability benefits, the report states:

> The conferees intend that only needy children with severe disabilities be eligible for SSI, and the Listing of Impairments and other current disability determination regulations as modified by these provisions properly reflect the severity of disability contemplated by the new statutory definition.... The conferees are also aware that SSA uses the term "severe" to often mean "other than minor" in an initial screening procedure for disability determination and in other places. The conferees, however, use the term "severe " in its common sense meaning.

*142 Cong. Rec. H8829-92, 8913 (1996 WL 428614), H.R. Conf. Rep. No. 104- 725 (July 30, 1996)*.

Consequently, under this evaluation process, the analysis ends at step three with the determination of whether the child's impairments meet or equal any of the listed impairments. More specifically, a determination that a child is disabled requires the following three-step analysis. See *20 C.F.R. § 416.924(a).* First, the ALJ must consider whether the child is engaged in substantial gainful activity. See *20 C.F.R. § 416.924(b).* If the child is so engaged,

AO72A
(Rev. 8/82)

he or she will not be awarded SSI benefits. See *id.* Second, the ALJ must consider whether the child has a severe impairment. See *20 C.F.R. § 416.924(c).* A severe impairment is an impairment that is more than a slight abnormality. See *id.* Third, if the impairment is severe, the ALJ must consider whether the impairment meets or is medically or functionally equal to a disability listed in the Listing of Impairments, *20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings").* See *20 C.F.R. § 416.924(c).* Only if the impairment is severe and meets or is medically or functionally equal to a disability in the Listings, will it constitute a disability within the meaning of the Act. See *20 C.F.R. § 416.924(d).* Under the third step, a child's impairment is medically equal to a listed impairment if it is at least equal in severity and duration to the medical criteria of the listed impairment. *20 C.F.R. § 416.926(a).* To determine whether an impairment is functionally equal to a disability included in the Listings, the ALJ must assess the child's developmental capacity in six specified domains. See *20 C.F.R. § 416.926a(b)(1).* The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and, (6) health and physical well-being. See *20 C.F.R. § 416.926a(b)(1).* See also, *Moore ex rel. Moore v. Barnhart, 413 F.3d 718, 722 n. 4 (8th Cir.2005).*

If the child claiming SSI benefits has marked limitations in two categories or an extreme limitation in one category, the child's impairment is functionally equal to an impairment in the Listings. See *20 C.F.R. § 416.926a(d).* A marked limitation is defined as an impairment that is "more than moderate" and "less than extreme." A marked limitation is one which seriously interferes with a child's ability to independently initiate, sustain, or complete

-3-

activities. See *20 C.F.R. § 416.926a(e)(2)*. An extreme limitation is defined as "more than marked", and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. Day-to-day functioning may be very seriously limited when an impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limit several activities. See *20 C.F.R. § 416.926a(e)(3)*.

**Discussion:**

This court reviews a decision by an ALJ "to determine whether it is supported by substantial evidence on the record as a whole." *Ellis v. Barnhart, 392 F.3d 988, 993 (8th Cir.2005); Bailey v. Apfel, 230 F.3d 1063, 1065 (8th Cir.2000); 42 U.S.C. § 405(g)*. Our scope of review is narrow; we must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart 335 F.3d 726, 729 (8th Cir.2003); Qualls v. Apfel, 158 F.3d 425, 427 (8th Cir.1998)*. Substantial evidence is relevant evidence that reasonable minds might accept as adequate to support the decision. *Hunt v. Massanari, 250 F.3d 622, 623 (8th Cir.2001)*. The issue on appeal is whether there is substantial evidence to support the ALJ's determinations under the three-step sequential test. The undersigned employs the same three-step sequential process as the ALJ to evaluate the evidence and the alleged disability. Because plaintiff does not contest the ALJ's finding regarding substantial gainful activity, we bypass the first step. Under the second step, the ALJ found that the claimant has asthma, a "severe impairment" as that term in contemplated in the regulations (T. 16). Consequently, the pivotal issue remains the third step, namely, whether there is substantial evidence in the record to support the finding

that claimant's impairment does not rise to the medical or functional level of severity necessary to equal a disability listed in Appendix 1 of 20 C.F.R. § 404, Subpart P. See *Pepper ex rel. Gardner v. Barnhart* 342 F.3d 853, 855 (8th Cir.2003).

The regulations provide:

(a) *Basic considerations.* We consider all relevant information (*i.e.,* evidence) in your case record. The evidence [] may include information from medical sources, such as your pediatrician, other physicians, psychologist, or qualified speech-language pathologist; other medical sources not listed in § 416.913(a), such as physical, occupational, and rehabilitation therapists; and nonmedical sources, such as your parents, teachers, and other people who know you.

(1) *Medical evidence* -- (i) *General*. Medical evidence of your impairment(s) must describe symptoms, signs, and laboratory findings. The medical evidence may include, but is not limited to, formal testing that provides information about your development or functioning in terms of standard deviations, percentiles, percentages of delay, or age or grade equivalents. It may also include opinions from medical sources about the nature and severity of your impairments. (*See* § 416.927).

(ii) *Test scores.* We consider all of the relevant information in your case record and will not consider any single piece of evidence in isolation. Therefore, we will not rely on test scores alone when we decide whether you are disabled. (*See* § 416.926a(e)) for more information about how we consider test scores.

*20 C.F.R. § 416.924a(a)(1)(i)-(ii)*.

At the time of the administrative due process hearing, the claimant was 7 years old and repeating the first grade, in regular classes (T. 173, 174). Both the plaintiff and the claimant's grandmother, testified at the hearing conducted on October 27, 2004, and plaintiff was represented by counsel (T. 171-185). The ALJ issued his written decision, dated December 14, 2004 (T. 11-16).

As has been noted, there are several ways to demonstrate that a child is disabled. *20 C.F.R. § 416.926a(b)*. If the ALJ had found that the claimant had an extreme impairment in

-5-

one functional area or marked impairments in two functional areas, then he would have been entitled to benefits. *20 C.F.R. § 416.926a(d).* Plaintiff challenges whether there was sufficient evidence to support the ALJ's conclusions that claimant suffered: a less than marked limitation in the three domains of: acquiring and using information; attending and completing tasks; and, health and physical well-being (Doc. #7).

> Plaintiff contends:
>
> This is a minor [claimant] who at the time of the hearing was seven years of age. The physical problems are that of asthma and a breathing problem. The minor [claimant] as of the time of the hearing was on an Albuterol pump. It has affected her school attendance and once there she has problems with speech, stuttering, and confusion about what she talks about. There are cognitive problems and concentration problems plus the minor [claimant] has coughing all the time and gasping for breath. A lot of times the minor [claimant] has to stay in bed, and she is hort winded. The school records show that the minor [claimant] has problems with reading and math below grade level and that she has had to repeat the first grade. The problems are with asthma which spill into cognitive and concentration and speech. From the medical evidence as well as from the testimony given at the hearing it should be clear that the minor [claimant] suffers at least the marked category problems with acquiring and using information, i.e., communications, and attempting and completing tasks which is concentration; in the alternative at least one of those categories is to the extreme level of limitations. Further, there is a category of health and physical well being which because of he asthma problems she has at least marked if not extreme limitations. Therefore, a favorable ruling should be had in this case for a child's SSI disability benefits to be awarded from the application date of February 10, 2003, to the indefinite future.

(Doc. #7, p. 3).

To support her contentions, the plaintiff offers no specific record citations, and very little legal authority, a point not lost on the defendant. In opposition, the defendant states, in part:

> ...Plaintiff fails to provide any further argument to support her contention that she is entitled to child's disability benefits. Furthermore, no where in her brief

AO72A
(Rev. 8/82)

does Plaintiff point to any evidence to support her contentions, nor identify exactly which impairments fall under the marked or extreme limitations.

We respectfully submit that this Court's duty is not to comb through the record where counsel has not provided specific references tied to her argument. See *S.E.C. v. Thomas, 965 F. 2d 825, 827 (10th Cir.1992)* (where record is voluminous, it is imperative that appealing party provide specific references to record). When a Plaintiff fails to direct either the Court or the Defendant to the record to support her point, the Commissioner respectfully requests that this Court follow the examples set out in the Seventh Circuit. ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.") See *Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990).*

(Doc. #8, pp. 2-3). Nonetheless, the undersigned has reviewed the administrative record thoroughly.

With respect to the claimant's asthma, the record documents that his medications and treatments help the condition (T. 302, 133, 132, 280, 309, 134, 280, 281). The plaintiff testified that claimant's doctors opined that he "will grow out of it." (T. 302). Plaintiff also appeared to state that the claimant, on an average, required treatment either by a doctor or at a hospital every three (3) months (T. 303). However, the testimony on this issue could also be construed to reflect that the claimant required treatment by a doctor or at a hospital two (2) to three (3) times, every three (3) months (T. 303). Notwithstanding, the record documents hospital visits lasting longer than 24 hours, due to asthma, on November 1, 2002 (T. 126, 186) and January 1, 2004 (T. 154-199), only. Further, the plaintiff clearly testified that the claimant has a "bad asthma attack" "probably once every three months" and a "regular" asthma attack once a month" (T. 301). Both the plaintiff and claimant's grandmother testified that the claimant' medications help to control claimant's attacks (T. 302, 309). Plaintiff also stated at the July

AO72A
(Rev. 8/82)

hearing that claimant had not been to see his doctor since February (T. 304).

With respect to asthma, the regulations state:

103.03 *Asthma*. With:

A.  $FEV^1$ equal to o less than the value specified in table I or 103.02A;
Or
B.  Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each inpatient hospitalization for longer than 24 hours for control of asthma control counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks;
Or
C.  Persistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with one of the following:
    1.  Persistent prolonged expiration with radiographic or other appropriate imaging techniques evidence of pulmonary hyperinflation or peribronchial disease: or
    2.  Short courses of corticosteriods that average more than 5 days per month for at least 3 months during a 12-month period;
D.  Growth impairment as described under the criteria in 100.00.

*20 C.F.R. Part 404, Subpart P, Appendix 1, § 103.03.*

The undersigned's close review of the administrative record demonstrates that the ALJ's findings are supported by substantial evidence. The claimant's medical records do not support a finding that he meets the listing for asthma. Further, the evidence, as a whole, substantially supports the ALJ's determination that claimant's only "severe" impairment, as contemplated by the regulations, is asthma; it also supports the ALJ's finding that the claimant's asthma does not medically or functionally equal a listing.

**Conclusion:**

Accordingly, we conclude that the decision of the ALJ, denying benefits to the plaintiff on behalf of the claimant, is supported by substantial evidence of record and should be

affirmed. The undersigned finds further that the plaintiff's Complaint should be dismissed with prejudice.

ENTERED this 15th day of May, 2006.

                                       /s/ Bobby E. Shepherd
                                       HONORABLE BOBBY E. SHEPHERD
                                       UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)